1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEBBRA ANN SMITH,                          No.  2:16-cv-2937-TLN-KJN PS

12                   Plaintiff,

13          v.                                  FINDINGS AND RECOMMENDATIONS

14   UNITED STATES GOVERNMENT AND
     COURT SYSTEM; WASHINGTON DC,
15

16                   Defendants.

17

18          Plaintiff Debbra Ann Smith, who proceeds in this action without counsel,[1] has requested

19   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)

20          Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it

21   determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails

22   to state a claim on which relief may be granted, or seeks monetary relief against an immune

23   defendant.  Furthermore, "[u]nder the substantiality doctrine, the district court lacks subject

24   matter jurisdiction when the question presented is too insubstantial to consider."  Cook v. Peter

25   Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528,

26   536-39 (1974)).  "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions

27   _____

28   [1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21).

of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Here, plaintiff's 41-page complaint is rambling and largely unintelligible. As best the court can tell, plaintiff claims that the United States Government and Court System owes her $50 million based on alleged various irregularities that occurred in about 17 "trials," which appear to relate to evictions, name alterations, erroneous information on credit reports, medical insurance policies, Social Security benefits, and alleged failures to appear by district attorneys. It is the court's policy, consistent with applicable law, to liberally construe the filings of pro se litigants in an attempt to ascertain whether, despite inartful pleading, a potentially viable claim is stated. However, plaintiff's complaint here is a confusing hodgepodge of generalized grievances, which not only fail to state a claim against the named defendants, but also appear frivolous, and are so insubstantial as to not invoke the court's subject matter jurisdiction. Furthermore, given the frivolous and insubstantial nature of plaintiff's allegations, the court finds that granting leave to amend would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed for lack of subject matter jurisdiction under the substantiality doctrine.

2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be denied as moot.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  December 27, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3